**WO**                                                                                                                                  BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Charles Wooters, III, ) | No. CV 05-4183-PHX-MHM (ECV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Petitioner Donald Charles Wooters, III, presently confined in the Cook Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.      Procedural Background**

In August 2003, in Maricopa County, matter No. CR 2003-07612-001, Petitioner pled nolo contendere to vehicular manslaughter and leaving the scene of an accident. Petitioner was sentenced to 12 years' imprisonment. Petitioner did not file a direct appeal, but unsuccessfully sought state post-conviction relief.

In his habeas petition, Petitioner argues that his sentences are unconstitutional because (1) his sentence exceeded that set forth in the plea agreement, and (2) the court, in sentencing him, (a) did not properly consider all mitigating and aggravating factors, (b) considered false information, and (c) improperly considered a prior, 13 year old drug conviction.

Petitioner does not indicate whether he has exhausted his claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would

1   be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
2   petitioner failed to exhaust claims and it was not clear whether claims were procedurally
3   barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**B.    Motion**

Petitioner also filed a "motion for status of case" (Doc. # 3), requesting to be informed about the status of his petition and an order directing the state to respond to his Petition. Petitioner's motion will be granted to the extent that this order informs him of the status of his case and orders the Respondents to file an answer to the Petition.

**IT IS THEREFORE ORDERED that:**

(1) Petitioner's motion for status of his case (Doc. #3) is granted to the extent that this order informs him of the status of his case.

(2) A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005). If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within thirty (30) days from the date of service of the answer.

(5) Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for

1 consideration by the Court.  Petitioner shall include with the original document and copy, to
2 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
3 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
4 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
5 Court may be disregarded by the Court.

6 (6) At all times during the pendency of this action, Petitioner shall immediately advise
7 the Court of any change of address and its effective date.  Such notice shall be captioned
8 "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only information
9 pertaining to the change of address and its effective date.  The notice shall not include any
10 motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may
11 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
12 Procedure 41(b).

13 (7)  Aside from the two copies of the petition or amended petition that must be
14 submitted, a clear, legible copy of every pleading or other document filed shall accompany
15 each original pleading or other document filed with the Clerk for use by the District Judge
16 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
17 may result in the pleading or document being stricken without further notice to Petitioner.

18 (8)  This matter is referred to Magistrate Judge Edward C. Voss pursuant to Local
19 Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and
20 recommendation.

21 DATED this 28th day of April, 2006.

_____
Mary H. Murguia
United States District Judge