IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Charles Wooters, III ) | No. CV 05-4183-PHX-MHM (ECV) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Donald Charles Wooters, III. Doc. #1. Pursuant to a plea agreement, Petitioner was convicted and sentenced on August 22, 2003, in the Maricopa County Superior Court. Doc. #8, Exh. C. Petitioner pled guilty to one count of manslaughter and one count of leaving the scene of a fatal injury accident. Id. Petitioner was sentenced to 12 years in prison for the first count and a consecutive three year term of probation on the second count. Id.

On October 18, 2004, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #8, Exh. D. The trial court denied the petition in a Minute Entry filed on November 1, 2004. Doc. #8, Exh. E. Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on

1  August 16, 2005. Doc. #9, Exh. F. Petitioner did not seek review in the Arizona Supreme
2  Court. Doc. #1 at 2.

3  On December 21, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this
4  court. Doc. #1. Petitioner contends that his prison term exceeds what was allowed under the
5  plea agreement. He further contends that the sentencing court failed to properly consider the
6  aggravating and mitigating factors and explain the basis for imposing an aggravated sentence.
7  On June 20, 2006, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc.
8  #8. Petitioner did not file a reply despite being told he could do so in the screening order.
9  Doc. #4 at 2.

## DISCUSSION

11  Respondents contend that the petition should be dismissed because it was not filed
12  within the statute of limitations period. Respondents further argue that even if the court finds
13  that the petition was timely, the claims are procedurally defaulted. Because Petitioner did
14  not file a reply, he has not addressed either the statute of limitations or procedural default
15  arguments. Based on the information presented, the court finds that the habeas petition was
16  not filed within the statute of limitations period. As a result, the court need not address the
17  procedural default issue.

18  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
19  statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
20  See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from
21  "the date on which the judgment became final by the conclusion of direct review or the
22  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v.
23  Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, "[t]he time during which a properly
24  filed application for State post-conviction or other collateral review with respect to the
25  pertinent judgment or claim is pending shall not be counted toward" the limitations period.
26  28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A state petition that is not filed
27  within the state's required time limit is not "properly filed" and, therefore, the petitioner is
28  not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When

1  a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for
2  purposes of § 2244(d)(2)." Id.

3  Petitioner was convicted and sentenced on August 22, 2003. Doc. #8, Exh. C. By
4  pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e).
5  As a result, the judgment became final for statute of limitations purposes on August 22, 2003
6  and the limitations period began to run on that date. See 28 U.S.C. § 2244(d)(1)(A).
7  Petitioner filed his notice and petition for post-conviction relief on October 18, 2004. Doc.
8  #8, Exh. D. The trial court denied the petition on November 1, 2004. Doc. #8, Exh. E.

9  Petitioner alleged in the petition for post-conviction relief that he was entitled to relief
10 under Blakely v. Washington, 542 U.S. 296 (2004). He argued that even though his petition
11 was filed more than ninety days after the entry of judgment and sentence, his claim was
12 based on a significant change in the law which satisfies an exception to the time limit. See
13 Ariz. R. Crim. P. 32.1(g), 32.4(a). The court, however, rejected that argument. The court
14 explained that Petitioner's Blakely claim did not satisfy the significant change in the law
15 exception because Blakely does not apply retroactively to convictions that were already final
16 when the case was decided. Doc. #8, Exh. E. Because Petitioner's claim did not satisfy the
17 exception, the court concluded that his notice of post-conviction relief was untimely. Id.

18 Because the notice and petition for post-conviction relief was not timely, it was not
19 "properly filed" as required by 28 U.S.C. § 2244(d)(2). See DiGuglielmo, 125 S.Ct. 1807,
20 1814 (2005). As a result, no time was tolled for Petitioner's state petition for post-conviction
21 relief. Therefore, the statute of limitations expired on August 22, 2004, one year after the
22 date of the judgment and sentence. Petitioner did not file his habeas petition until December
23 21, 2005, nearly 16 months after the statute of limitations expired.

24 For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely
25 under 28 U.S.C. § 2244(d)(1), (2). The court will therefore recommend that the petition be
26 denied and dismissed.

27 **IT IS THEREFORE RECOMMENDED:**

28

1     That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
2 be **DENIED** and **DISMISSED WITH PREJUDICE**;

3     This recommendation is not an order that is immediately appealable to the Ninth
4 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5 Appellate Procedure, should not be filed until entry of the district court's judgment. The
6 parties shall have ten days from the date of service of a copy of this recommendation within
7 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
8 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
9 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
10 and Recommendation may result in the acceptance of the Report and Recommendation by
11 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
12 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
13 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
14 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
15 recommendation. See Fed. R. Civ. P. 72.

16     DATED this 12th day of December, 2006.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge