**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Charles Wooters, III, ) | No. CV 05-4183-PHX-MHM (ECV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Petitioner Donald Charles Wooters, III, ("Petitioner") has filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Doc. 1). The matter was referred to Magistrate Judge Edward C. Voss who has issued a Report and Recommendation that recommends that the Court deny the Petition as untimely. (Doc. 10). Petitioner filed an Objection to Judge Voss's Report and Recommendation on February 2, 2007 (Doc. 13).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed and for clear error for those facts to which no objections are filed. Id.

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. On August 22, 2003, pursuant to a plea agreement, Petitioner was convicted of one count of manslaughter and one count of leaving the scene of a fatal injury accident. (Doc. 1). Petitioner was sentenced to 12 years in prison for the first count and a consecutive three year term of probation for the second count. (Doc. 8, Exh. C). On October 18, 2004, Petitioner filed a Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 8, Exh. D). On November 1, 2004, the trial court denied the petition in a Minute Entry. (Doc. 8, Exh. E). Petitioner sought review in the Arizona Court of Appeals but the request was denied on August 16, 2005. (Doc. 9, Exh. F). Petitioner did not seek review in the Arizona Supreme Court. (Doc. 1 at 2).

On December 21, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court. (Doc. 1). Petitioner has raised two grounds for relief in his Petition. First, Petitioner contends that his prison term exceeds what was allowed under the plea agreement. Petitioner also contends that the sentencing court failed to properly consider the aggravating and mitigating factors, and provide the basis for imposing an aggravated sentence.

Respondents filed an Answer to the Petition for Writ of Habeas Corpus (Doc. 8) contending that the petition should be dismissed because it was not filed within the statute of limitations period. Respondents further contend that even if the Court finds that the petition was timely, the claims are procedurally defaulted because Petitioner failed to exhaust his state remedies. Petitioner did not file a reply, despite being informed that he could do so in the screening order. (Doc. 4 at 2).

Magistrate Judge Voss has recommended that the Petition be dismissed as untimely. After making this determination, Judge Voss determined that it was unnecessary to consider Respondents' exhaustion argument. After reviewing the Magistrate Judge's Report and Recommendation and the record in this case, the Court is in agreement with the Judge Voss's determination.

1    Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.
2 § 2244(d)(1)(A) a federal habeas petition "must be filed within one year of the latest of the
3 date on which . . . the judgment became final after the conclusion of direct review or the time
4 passed for seeking direct review. . . ."  The running of this one-year statute of limitations is
5 tolled during any period when "a properly filed application for state post-conviction or other
6 collateral review with respect to the pertinent judgment or claim is pending" in any state
7 court. Id. § 2244(d)(2).

8    Petitioner's conviction and sentence became final on August 22, 2003.  By pleading
9 guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e).  As a
10 result, pursuant to the AEDPA, the statute of limitations began to run on August 22, 2003.
11 Petitioner filed his notice and petition for post-conviction relief on October 18, 2004.  (Doc.
12 8, Exh. D).  Petitioner relied on Blakely v. Washington, 542 U.S. 296 (2004), to argue that
13 even though his petition was filed more than ninety days after the entry of judgment and
14 sentence, his claim was based on a significant change in the law which satisfies an exception
15 to the time limit. See Ariz. R. Crim. P. 32.1(g), 32.4(a).  However, Petitioner's argument is
16 without merit because Blakely is not applied retroactively.  Schardt v. Payne, 414 F.3d 1025,
17 1038 (9th Cir. 2005) (holding that Blakely does not apply retroactively to a conviction that
18 was final before the decision was announced).  The trial court denied the petition on
19 November 1, 2004.  (Doc. 8, Exh. E).

20    Because the notice and petition for post-conviction relief was not timely, it was not
21 "properly filed" as required by 28 U.S.C. § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S.
22 408, 414 (2005) (finding that "[w]hen a post-conviction petition is untimely under state law,
23 'that [is] the end of the matter' for purposes of § 2244(d)(2).").  Because Petitioner is not
24 entitled to a tolling period, the statute of limitations expired on August 22, 2004 – one year
25 after the date of the judgment and sentence.  Petitioner's writ of habeas corpus petition filed
26 on December 21, 2005, nearly 16 months after the statute of limitations expired, is untimely.
27 See 28 U.S.C. § 2244(d)(1), (2).
28    **Accordingly,**

- 3 -

1    **IT IS HEREBY ORDERED** adopting Magistrate Judge Voss's Report and
2 Recommendation in its entirety (Doc. 10) as the Order of the Court.
3    **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
4 and dismissed with prejudice. (Doc. 1).
5    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
6 accordingly.
7    DATED this 11th day of March, 2007.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge